UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GARY CHARLES BRESTLE,

    Plaintiff,

V.

    Case No. 10CV80037-JIC

ISBELIA QUIJADA
ABRAHAM QUIJADA,
MAURICIO QUIJADA,
AND FRED QUIJADA,

    Defendants.

FILED by _____ D.C.
JAN 19 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

PLAINTIFF'S PRO SE MOTION TO
AMEND COMPLAINT PURSUANT TO
RULE 15(A)(1) F.R.Civ.P.

COMES NOW, the plaintiff Gary Charles Brestle <u>pro se informa pauperis</u> in the above captioned matter, filing Plaintiff's Pro Se Motion to Amend Complaint Pursuant to Rule 15(A)(1) F.R.Civ.P. and states as follows:

1) Plaintiff file a complaint pursuant to Title 18 U.S.C. § 1964(c) Racketeer Influenced Corrupt Organization R.I.C.O. against the above captioned defendants.

2) Plaintiff is amending the complaint as follows. Pg# 7 after ¶2, please start new paragraph to read as follows:

In December of 2007 after several attempts, (as previously illustrated), to repatriate the elder Quijada's $38,000,000.00, (frozen in the country of Venezuela, according to the defendants). The plaintiff is introduced to ex-CIA agent John Quirk of Boca Raton, FL, by prominent civil attorney Allen Kaufman also of Boca Raton. Quirk after a brief investigation comes back to the plaintiff with the following e-mail stating: "The specifics of your

target and the location of his monies starts **with you sending money to him** and him using a specific bank in USA to wire monies overseas to a bank **we know** and **we know** the account as I told you and the sources in the bank. This particular bank is used by your target and other Venezuelans from a variety of aspect-criminals, those avoiding US taxes, those Venezuelans seeking to secrete assets. The bank is a private bank subsidiary of a much larger European bank. <u>We have credible evidence the money rest there</u>. We need to verify update and obtain documents as well as cooperation from a source in the bank that the seizure will go smoothly." Best John Quirk President ALRI, dated 12/21/2007, @ 8:37:24 A.M..

3) There are additional e-mails from Mr. Quirk. Which will be presented at trial.

4) The plaintiff has some concerns related to this matter, and wishes to make these concerns part of the court record.

  A- Plaintiff advised the United States Attorney's Office, (WPB,FL), referencing this matter in letters dated 04/01/2009, and again 04/22/2009.

  B- The AUSA (Ellen L. Cohen), responded to the plaintiff's letters on 04/17/2009, (stating that "the plaintiff should contact local or federal law enforcement, if the plaintiff had information that would support such a referral)." The plaintiff illustrated such information in both letters, (¶A above).

  C- The AUSA responds again in a letter dated 08/18/2009, stating again, that the plaintiff should contact law enforcement, and goes on to say, "You (the plaintiff), have taken steps which militate against communicating with you in the future. Your acts of suing this office, the "FBI"$_1$$^1$ and others and the challenge of your conviction$^2$ do not bode well for our considering or **believing** any information provided by you.

D- Subsequent to the AUSA's suggestion of contacting law enforcement. The plaintiff meets "BOP" employee, and Case Mgr. Courson, ("DOJ"), FSL/FCI, Jesup, Ga.. And provides Courson with all supporting documentation. Courson **agrees** that the <u>claim has merit</u>, and should be looked at further. Courson turns over <u>all</u> supporting documents to "BOP" employee, and "SIS" officer Lt. Adams, FSL/FCI, Jesup, Ga..

E- Lt. Adams proceeds to interview the plaintiff in reference to another matter, (See [DE#10], case# 09-cv-80761-MARRA/WHITE),(and then makes the following statement to the plaintiff concerning these allegations, when the plaintiff is going to be debriefed inreference to another matter by the "FBI". "If you mention the other crimes, (allegations this instant action), to the debriefing "FBI" agent, the debriefing will be over." (See plaintiff's motion, case# 09-cv-80761-MARRA, Plaintiff's Supplement to [DE#10] Title 18 U.S.C. § 1512(b)(1)(2)(A)(3), Tampering With a Witness, Victim, or an **INFORMANT**.

F- The Court failed to investigate the allegations when being <u>made aware</u>.

RESPECTFULLY SUBMITTED, this 13 day of January, 2009.

_Gary C. Brestle_, pro se
Reg. No. 75416-004
Federal Satellite Low
2650 Highway 301 South
Jesup, Ga. 31599

---

[1] Reference Federal District Court Judge Harold Baer, Jr. USDC/SDNY, "to the extent plaintiff brings this action alleging violations of his federal civil and constitutional rights, by the United States, **DOJ and FBI**, the action brought forward should be liberally construed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S., See Case No. 09-cv-80761-MARRA.

[2] See Case No. 05-cr-80215-MARRA/HOPKINS, [DE#255], Challenge your conviction, the plaintiff did. A Constitutional Right. . .